UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

BURLESQUE OF NORTH AMERICA, INC. and
MICHAEL DAVIS,                                   :     File No.: 18-cv-1067

                    Plaintiffs,      :

  -against-

                                    :     **ANSWER**

AMAZON.COM, AZAR, INC. QUILL CORP.,
STAPLES, INC. NEXT JUMP, INC., MEREDITH   :
CORP., GLOBAL EQUIPMENT COMPANY INC.,
FAITHFULNESS LLC,                                  :

                    Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

Defendant Meredith Corp. ("Meredith"), by its attorneys, Satterlee Stephens LLP, as and for its answer to the Complaint of Plaintiffs Burlesque of North America, Inc. and Michael Davis ("Plaintiffs"), alleges as follows:

1. Denies the allegations of paragraph 1, except admit that this purports to be an action for copyright infringement and to the extent that the allegations in Paragraph 1 purport to assert conclusions of law, asserts that no response is required.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5 of the Complaint.

6.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 6 of the Complaint.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Complaint.

8.   Denies the allegations of Paragraph 8 of the Complaint, except admits that Meredith Corporation has its principal place of business in Des Moines, Iowa.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9 of the Complaint.

10.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10 of the Complaint.

11.  To the extent that the allegations in Paragraph 11 purport to assert conclusions of law, no response is required, and otherwise Meredith denies knowledge or information sufficient to form a belief as to the truth thereof.

12.  To the extent that the allegations in Paragraph 12 purport to assert conclusions of law, no response is required, and otherwise Meredith denies knowledge or information sufficient to form a belief as to the truth thereof.

13.  To the extent that the allegations in Paragraph 13 purport to assert conclusions of law, no response is required, and otherwise Meredith denies knowledge or information sufficient to form a belief as to the truth thereof.

14.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14 of the Complaint.

2986313_2

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Complaint, and respectfully refers the Court to the certificate of registration in Exhibit A to the Complaint for a true and correct statement of its contents.

24. Denies the allegations of Paragraph 24 of the Complaint.

25. Denies the allegations of Paragraph 25 of the Complaint.

26. Denies the allegations of Paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 30 of the Complaint.

31. Denies the allegations of Paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 32 of the Complaint.

33. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 33 of the Complaint.

## COUNT I
## COPYRIGHT INFRINGEMENT

34. Repeats and realleges each and every admission and denial heretofore pleaded in response to paragraphs 1 through 33, inclusive, of the Complaint, as if fully set forth at length herein.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 35 of the Complaint.

36. Denies the allegations of Paragraph 36 as to Meredith, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

37. Denies the allegations of Paragraph 37 as to Meredith, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

38. Denies the allegations of Paragraph 38 as to Meredith, and denies knowledge or information sufficient to form a belief as to the truth of the allegations as to the other defendants.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

39. The complaint should be dismissed for failure to state a cause of action.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

40. The complaint, and each cause of action therein is barred by the doctrine of estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

41. The complaint, and each cause of action therein, is barred by the doctrine of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

42. The complaint, and each cause of action therein is barred by the doctrine of waiver.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

43. Plaintiffs do not have any right or standing under the Copyright Act to maintain a claim for damages or other relief against defendants.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

44. Plaintiffs have not properly registered their alleged copyright.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

45. Meredith's display of the works at issue constitutes fair use.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

46. Plaintiffs' claims are barred in whole or in part by the "safe harbor" provisions of the Digital Millennium Copyright Act.

## AS AND FOR A NINTH AFFIRMATIVE DEFENSE

47. Plaintiffs are not the proper owners of the copyrights in the work shown in Exhibit F of the Complaint and the registration for this work, to the extent it is registered was improperly obtained.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

48. Any derivative works based on the work listed in Exhibit F were prepared with the knowledge, consent and permission of the true authors and copyright holders.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

49. Meredith's use of the work shown in Exhibit F is with the permission of the authors of that work.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

50.    Plaintiffs have not suffered any actual injury or damage to their businesses or property by reason of any act or omission of defendants.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

51.    Plaintiffs have failed to mitigate their damages, if any.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

52.    Defendant Meredith acted at all times with innocent intent, and if plaintiffs' rights have been violated as alleged in the Complaint, which allegations Meredith denies, such violation was entirely innocent, and defendant did not intentionally, knowingly, recklessly, maliciously or by gross or ordinary negligence participate in any such alleged violation of plaintiff's rights.

**AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE**

53.    Meredith reserves the right to amend its Answer and plead additional or more specific defenses as warranted by the facts determined through the conclusion of the discovery process.

WHEREFORE, Meredith Corp. demands judgment:

(a)    dismissing the Complaint; and

(b)    granting such other and further relief which this court may deem just and proper, including the costs and expenses of this action.

2986313_2

| | |
|---|---|
| Dated: May 29, 2018 | **s/ Susan E. Ellingstad** |
| | Susan E. Ellingstad (243346) |
| | LOCKRIDGE GRINDAL NAUEN P.L.L.P. |
| | 100 Washington Avenue South, Suite 2200 |
| | Minneapolis, MN 55401 |
| | (612) 339-6900 |
| | seellingstad@locklaw.com |
| | |
| | Mark Lerner |
| | *Pro Hac Vice Motion Pending* |
| | SATTERLEE STEPHENS LLP |
| | 230 Park Avenue |
| | New York, NY  10169 |
| | (212) 818-9200 |
| | mlerner@ssbb.com |
| | |
| | **ATTORNEYS FOR DEFENDANT MEREDITH CORP.** |